UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TWANA SIMMONS-TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00749-SEB-MJD ) |
| HENDRICKS COUNTY HOSPITAL, et al., | ) ) |
| Defendants. | ) ) |

**ORDER ON MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 36.] The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff brings this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and the Federal Nursing Home Reform Act ("FNHRA"). Plaintiff originally asserted that Defendants had violated 42 U.S.C. § 1396r(b) and (d) in particular. [Dkt. 1.] In her proposed Amended Complaint, she alleges that Defendants violated 42 U.S.C. § 1396r(c). [Dkt. 36.] Plaintiff seeks to make this change in response to two district court opinions that held that section 1396r(c) creates rights that are enforceable under section 1983, while sections 1396r(b) and (d) do not. *See Est. of Tester by & Through Tester v. Vill. at Hamilton Pointe, LLC*, 2024 WL 4433040, at *5 (S.D. Ind. Sept. 20, 2024); *Villegas v. Hancock Reg'l Hosp.*, 2024 WL 4581170, at *4 (N.D. Ind. Oct. 23, 2024).

Defendants object to the proposed amendment on the ground that Plaintiff has not shown good cause for permitting it after the applicable deadline has expired, as required by Federal Rule of Civil Procedure 16(b). However, Plaintiff does not seek to add or change any factual allegations; as noted above, Plaintiff seeks only to change the specific legal theory under which she is proceeding. As the Seventh Circuit has emphatically stated:

> We have made this point repeatedly: "The Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories." *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017), *quoting Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996), *accord, e.g.*, *Johnson v. City of Shelby*, 574 U.S. 10, 10-11, 135 S. Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam) (summarily reversing dismissal based on failure to identify legal theory in complaint); *Skinner v. Switzer*, 562 U.S. 521, 529-30, 537, 131 S. Ct. 1289, 179 L.Ed.2d 233 (2011) (reversing dismissal); *Zimmerman v. Bornick*, 25 F.4th 491, 492-94 (7th Cir. 2022) (allowing amendment of complaint); *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) ("As the Supreme Court and this court constantly remind litigants, plaintiffs do not need to plead legal theories."). Also, when a complaint does present legal theories, those theories may later be altered or refined. *Chessie Logistics*, 867 F.3d at 859.

*Zall v. Standard Ins. Co.*, 58 F.4th 284, 295 (7th Cir. 2023); *see also CMFG Life Insurance Co. v. RBS Securities, Inc.*, 799 F.3d 729, 743-44 (7th Cir. 2015) (plaintiff did not inappropriately add new claim during summary judgment briefing when factual basis was alleged in complaint); *Whitaker v. Milwaukee County*, 772 F.3d 802, 808-09 (7th Cir. 2014) (plaintiff should have been permitted to proceed on new summary judgment theory that recharacterized already-alleged facts and did not offer "any unfair surprise"). Indeed, Plaintiff could have chosen not to amend her complaint and simply asserted her new legal theory—the violation of 42 U.S.C. § 1396r(c)—in her statement of claims,[1] which is not due until March 6, 2025. *See* [Dkt. 22 at 5]. Accordingly, there is no basis to deny Plaintiff's motion to amend.

---

[1] While the Seventh Circuit cases cited permitted a change of legal theories in response to a motion for summary judgment, the case management plan used in this district requires a party to set forth their legal theories in a statement of claims (or defenses) shortly before the dispositive

Plaintiff's Motion for Leave to File Amended Complaint, [Dkt. 36], is **GRANTED**. Plaintiff shall file her Amended Complaint, in substantially the same form as that found at Docket Number 36, **on or before March 3, 2025**.

SO ORDERED.

Dated: 27 FEB 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

motions deadline. *See* [Dkt. 22 at 5] ("A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.").